Commonwealth v. Gabrow, Appellant.

Argued October 1, 1929. Before PORTER, P. J., TREXLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

460

*David Wallerstein,* and with him *Henry Temin* and *Allen S. Olmsted, 2nd,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, *Augustus Trask Ashton,* City Solicitor, and *H. Eugene Heine,* Assistant City Solicitor, for appellee.

OPINION BY CUNNINGHAM, J., December 12, 1929:

On November 1, 1928, the superintendent of police of the City of Philadelphia granted permission to a certain political organization to hold a meeting, under several prescribed restrictions, on the evening of November 9, 1928, in a building owned by the Labor Institute at No. 810 Locust Street. Officers were detailed to preserve order and were instructed that no minors should be admitted although that was not one of the restrictions written into the permit.

The Commonwealth contends that two men, Leon Goodman and Louis Gabrow, violated the provisions of the Act of June 25, 1895, P. L. 271, as amended by the Act of May 2, 1901, P. L. 132, by wilfully making, and causing to be made, a "loud, boisterous and unseemly noise or disturbance ...... near to a public highway," namely, in the hallway leading from the street to the stairway ascending to the room in which the meeting was held. Both were convicted before a magistrate; appeals were allowed to the court of quarter sessions and the case was tried de novo before Honorable FRANCIS SHUNK BROWN, JR. The contention of the

Commonwealth was sustained and each defendant sentenced under the act; Gabrow alone has appealed.

The findings and conclusions of the learned trial judge were thus expressed in his opinion:

"A detail of five police officers was assigned for the purpose of seeing that the meeting was carried out in accordance with police regulations and under instructions to allow no one seemingly under the age of twenty-one years to attend the meeting. The defendant Goodman came in with a girl who appeared to the officers to be under that age and accordingly she was not permitted to go up into the hall where the meeting was being held. This defendant argued with the officers that his companion was over twenty-one years old, and although he was told that he could attend the meeting, he refused to do so and insisted upon his companion going in with him. There was loud talking in the hallway at the foot of the stairway leading to the meeting rooms, and a crowd of forty or fifty people, who were gathered there, were shoving and pushing. Goodman stood in the middle of the stairway and would not let anyone go up or come down. He was arrested, and as he was being taken out the door, the other defendant, Gabrow, asked the officers why Goodman was being arrested and insisted upon an answer until he was requested to go up to the meeting or out of the hall. This he refused to do, and as five or six others of the forty or fifty people in the space between the doorway and the stairway gathered about the officer, talking loudly, the defendant Gabrow was arrested.

"Although the action of the police in forbidding those under twenty-one years of age to attend the meeting may have been illegal, it was not the immediate cause of the arrest of these two defendants. This was brought about as a result of their own actions which led to the disturbance. There were loud, boisterous

and unseemly noises sufficient to disturb the public peace. The action of the police was no justification or excuse for the disorder which took place. Instead of complying with the request of the police officers, they saw fit to protest in a way which only led to trouble.''

The scope of our inquiry upon this appeal is to determine whether there was any evidence to sustain the conviction of Gabrow, the single appellant. Although not conceded, we understand it is not seriously questioned that there was sufficient evidence to sustain the conviction of Goodman but it is earnestly argued that the evidence against Gabrow did not warrant the finding of the trial judge. Appellant was not a member of the organization holding the meeting but was interested in the Labor Institute, the owner of the building. The case against him was not as strong as that against Goodman who was responsible for the original disorder. Referring to appellant one of the officers testified: ''Well he insisted on wanting to know why we arrested the other fellow [Goodman] and he wouldn't go out or in. Q. Was he talking loud? A. Very loud, and the people began to get around the two of us again. There were about forty or fifty people in the space between the doorway and the stairway, which would be a distance of from here to the end of the table, and they were loitering there, some people with children...... Q. What took place with him? A. Well he insisted on objecting to the arrest and wanted to know why he was arrested, and I told him that we were attending to police business and did not want to be bothered and he kept on insisting on wanting to know why he was arrested and I told him to go either in or out and he wouldn't go in or out.''

A portion of the officer's testimony on cross-examination reads: ''Q. And as I understand you arrested this man Gabrow, because he wanted to know by what authority you prevented minors going up? A. No, that

wasn't it. He raised a disturbance, wanting to know why this other man was arrested, creating a disturbance and pushing out and in and everything at the same time."

In Com. v. Cooper et al., 95 Pa. Superior Ct. 382, we had a case similar in principle to this one except that in the case cited permission for the meeting had been refused and the disorder was considerably more extensive. We need not repeat at length what was there said to the effect that the justice of a protest against unwarranted orders and actions of policemen cannot justify a public disturbance or disorderly conduct upon the part of the protestants. Fair-minded persons might well differ about the conclusions to be drawn from the evidence in this record against appellant but we cannot say there was no evidence to support his conviction.

Judgment affirmed.